UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | | Civil Action No.: |
| CHANNING BETE COMPANY, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| MARK T. GREENBERG, | ) | |
| | ) | |
| Defendant | ) | |

## INTRODUCTION

1.      This is an action for tortious interference with contract and advantageous business relations, trademark violations, violation of non-compete and non-disclosure agreements and violation of M.G.L. c. 93A, by Dr. Mark T. Greenberg who, after a long relationship with Channing Bete Company, Inc. ("CBC"), has attempted to sabotage CBC's efforts to sell valuable intellectual property interests.  He has done so to benefit himself, to the detriment not only of CBC but of his co-authors who receive royalty income from the licensing of the intellectual property.

## PARTIES

2.      Channing Bete Company, Inc. ("CBC") is a Delaware for-profit corporation with its principal place of business in South Deerfield, Massachusetts.

3.      Mark T. Greenberg, Ph.D. ("Dr. Greenberg"), is an individual who resides in Stanwood, Washington.

## JURISDICTION

4.      This Court has personal jurisdiction over Dr. Greenberg, who is engaged in business in Massachusetts, and venue here is proper pursuant to 28 U.S.C. § 1391(2).

5.      Subject matter jurisdiction may properly be exercised by this Court pursuant to 28 U.S.C. §§ 1331-1332, and 15 U.S.C. § 1111 et seq.

## FACTS

### *Relevant Background*

6.      By 1993, Dr. Greenberg and Dr. Carol Kusche had jointly developed a curriculum for the social and emotional development of children (the "PATHS® Program").

7.      In or around May 1993, Dr. Greenberg and Dr. Kusche exclusively licensed the publication and distribution rights to the PATHS® Program to Developmental Research & Programs, Inc. ("DRP").  As consideration for the exclusive license, DRP agreed to pay to each of Dr. Greenberg and Dr. Kusche as royalties a commission on sales.

8.      In 1995, DRP registered the PATHS® trademark with the U.S. Patent and Trademark Office.

9.      Between 1993 and 2012, Dr. Greenberg and Dr. Kusche registered with the United States Copyright Office their joint copyright in numerous literary works they authored relating to the PATHS® Program.

10.     DRP merged with and into CBC effective January 9, 2002.

11.     CBC acquired the exclusive license of publication and distribution rights to the PATHS® Program as a result of the DRP merger with and into CBC.  CBC assumed the obligation to pay to Dr. Greenberg and Dr. Kusche commissions on sales as royalties.

12.     CBC acquired the exclusive rights to the PATHS® trademark as a result of the DRP merger with and into CBC.

13.     By 2004, Dr. Greenberg and Dr. Kusche, along with Dr. Celene Domitrovich and Dr. Rebecca Cortes (collectively the "Authors"), had developed a project for use with preschoolers related to the PATHS® Program which was initially referred to as the "PATHS® Preschool Program" and which in 2011 became known as the "PATHS® Preschool/Kindergarten Program."

14.     Between 2004 and 2011, the Authors registered with the U.S. Copyright Office their joint copyright in numerous literary works they authored relating to the PATHS® Preschool Program and PATHS® Preschool/Kindergarten Program.

15.     In or around July 2004, CBC obtained from the Authors the exclusive license to publish and distribute the PATHS® Preschool Program.  As consideration for the exclusive license, CBC agreed to pay to the Authors a commission on sales as royalties.

16.     Since it obtained the exclusive licenses for each program, CBC has worked with Dr. Greenberg and Dr. Kusche to create a new version of the PATHS® Program for use with elementary school students, and has created, published, and distributed many derivative works based upon the PATHS® Program and PATHS® Preschool Program (the "Derivative Works").

17.     The Derivative Works generally include printed materials and teaching aides.

18.     CBC owns or has been licensed copyrights associated with the Derivative Works.

19.     The Derivative Works include a version of PATHS® Program specifically for grades 1-3, which includes content contributed by Dr. Greenberg and others, that CBC was exclusively licensed in September 2009 to develop and distribute.

20.     The Derivative Works include a version of PATHS® Program specifically for grades 4-5, which includes content contributed by Dr. Greenberg and others, that CBC was exclusively licensed in November 2010 to develop and distribute.

21.     The license agreements for the PATHS® Preschool/Kindergarten Program and the Derivative Works (collectively the "PATHS® Curriculum") have each been amended at certain points.

22.     During the time CBC has published the PATHS® Curriculum, CBC has partnered with certain organizations which provide training to those purchasing the PATHS® Curriculum or any of its components.

23.     One of the training organizations CBC has partnered with is PATHS® Education Worldwide ("PEW"), a Tennessee entity.

24.     PEW began as a non-profit organization.

25.     By at least 2013, Dr. Greenberg was Chairman of the Board of PEW.

26.     On March 19, 2013, Dr. Greenberg signed a licensing agreement with CBC on behalf of PEW, pursuant to which CBC granted PEW certain rights to use the PATHS® trademark.

27.     In or around 2015, PEW became a for-profit corporation, with an individual named Dorothy Morelli as its chief executive officer.

28.     After PEW's conversion to for-profit status, Dr. Greenberg continued to act on behalf of PEW in its interactions with CBC, and has remained listed as PEW's chairman of the board.

29.     Upon information and belief, Dr. Greenberg receives some form of compensation from PEW.

30.     In or around August 2014, CBC first informed Dr. Greenberg and Dr. Kusche that it would be seeking a buyer for CBC's rights and interest in the PATHS® Curriculum, and Dr. Greenberg began immediately to interfere with those efforts.

31.     At that time, Dr. Greenberg expressed supposed concerns about placing the PATHS® Curriculum in the hands of a large, for-profit publishing house.

32.     CBC determined that the PATHS® Curriculum was not marketable to a large publisher at that time due to perception problems in the marketplace caused by Dr. Greenberg's reluctance, among other factors.

33.     CBC therefore asked the Authors to help it search for a buyer for the PATHS® Curriculum among the non-profit groups with which they were affiliated.

34.     Dr. Greenberg asserted that none of these targets would be interested and neither he nor Dr. Kusche brought forward any potentially interested non-profit.

35.     Since 2014, CBC has continued to publish and distribute the PATHS® Curriculum while exploring options for its sale.

36.     In or around the Fall of 2018, CBC put out a request for bids for the PATHS® Curriculum to certain organizations and individuals involved in social and emotional learning practice.

37.     As part of its request for bids for the PATHS® Curriculum and associated intellectual property, CBC requested non-disclosure agreements from any bidders and from certain individuals including Dr. Greenberg and Dr. Kusche.

38.     In or around the Fall of 2018, PEW submitted a bid to purchase CBC's rights and interest in the PATHS® Curriculum.

39.     Among the executed non-disclosure agreements CBC received were agreements from PEW and from Dr. Greenberg.

40.     The nondisclosure agreement signed by PEW provided in pertinent part that PEW would hold in confidence "all information treated as confidential by [CBC]…that was previously or is hereafter disclosed by [CBC] to [PEW] pertaining in any manner" to the possible sale of the PATHS® Curriculum or to the business of CBC.

41.     The nondisclosure agreement signed by Dr. Greenberg provided in pertinent part that he would not disclose any data or information that is "proprietary to [CBC] and not generally known to the public…including…information that should reasonably be recognized as confidential information."

42.     On or about December 11, 2018, CBC notified Dr. Greenberg that it had identified a buyer (the "Buyer") for its rights and interest in the PATHS® Curriculum, but that the sale of the PATHS® Curriculum (the "Sale") had not yet closed.

43.     The December 11, 2018, notice disclosed the identity of the Buyer, reminded Dr. Greenberg of his duties under the nondisclosure agreements and stated, "We are early in the process and need to coordinate communication between you and [Buyer].  We are all governed by NDAs. This information remains confidential.  Here at Channing Bete only our officers and directors know this information."

44.     The December 11, 2018, correspondence also informed Dr. Greenberg that the percentage of revenue from sales of the PATHS® Curriculum that each Author received in royalties would not change under the terms of the Sale.

45.     The December 11, 2018, correspondence informed Dr. Greenberg that the agreement with Buyer required exclusive negotiation between CBC and Buyer.

### *Dr. Greenberg's Initial Interference with the Sale and Violations of the Non-Disclosure Agreement*

46.     In a December 11, 2018, phone conversation, Dr. Greenberg asked CBC for a copy of the Sale agreement.  CBC declined, citing the non-disclosure agreements in place, and its interest in keeping the terms of the Sale confidential.

47.     In a December 12, 2018, phone conversation with CBC representatives, Dr. Greenberg and Ms. Morelli both asked CBC to take actions that would violate CBC's own non-disclosure obligations by disclosing to them the details of the Sale, and reconsidering sale of the PATHS® Curriculum not to Buyer but to PEW.

48.     In a phone call later in the day on December 12, 2018, in which Ms. Morelli was not involved, Dr. Greenberg informed CBC representatives that he had been speaking to another "interested party" whom he was encouraging to submit a bid, notwithstanding that he knew that CBC was in an exclusive negotiating period with the Buyer.

49.     CBC received a Letter of Intent from Aperture Education on December 13, 2018. Aperture Education's cover letter states that its representative had spoken with Dr. Greenberg regarding its Letter of Intent.  In an email message to CBC, Aperture Education's president wrote that the offer was submitted "just in case your deal falls through."

50.     On December 18, 2018, Dr. Greenberg spoke directly with Buyer and asked for a copy of the Sale agreement.

51.     In his December 18, 2018, phone call with the Buyer, Dr. Greenberg also asked that Buyer speak with Ms. Morelli, of PEW.

52.     On or about December 26, 2018, Dr. Greenberg, through counsel, wrote to CBC regarding the Sale. A copy of the correspondence, which has been redacted to protect the identity of the Buyer, is attached as Exhibit 1.

53.     In the December 26, 2018, letter, Dr. Greenberg's attorney asserted that Dr. Greenberg's assent to the transfer of the PATHS® Curriculum would be required to complete the Sale, which he would block unless various promises were made regarding his and PEW's future relationship with the Buyer.

54.     The December 26, 2018, letter further proposed reopening the bidding process and reopening negotiations with other potential buyers, presumably including PEW.

55.     CBC wrote back to Dr. Greenberg, through counsel, on January 7, 2019.  A copy of the redacted correspondence is attached as Exhibit 2.

56.     In the January 7, 2019, correspondence, CBC answered Dr. Greenberg's purported questions about his own financial interests and assured Dr. Greenberg again that his percentage of royalties would not change under the proposed agreement with the Buyer.

57.     CBC also assured Dr. Greenberg there would be no change in the manner of calculating royalties, or in how sales were counted or in any other manner that affect the calculation of his royalties.

58.     CBC further informed Dr. Greenberg that Buyer's bid was the only bid CBC received within the bidding period that did not require concessions from the Authors.

59.     CBC had received other bids for the PATHS® Curriculum, and each other bid required the Authors to reduce their royalties and make other concessions.

60.     In the January 7, 2019, correspondence CBC also warned Dr. Greenberg that it considered his threats to not cooperate with the Sale to be threats to tortiously interfere with CBC's advantageous business relations.

61.     In the January 7, 2019, correspondence CBC also asked that counsel for Dr. Greenberg take steps to ensure that Dr. Greenberg and PEW were respecting their non-disclosure agreements because Dr. Greenberg's counsel also represented PEW, which presented an obvious risk of information sharing in violation of the non-disclosure agreements.

62.     On January 8, 2019, Dr. Greenberg through counsel inquired of CBC whether it had told Buyer of Dr. Greenberg's position on the Sale, and threatened that he would be in touch with Buyer to ask directly whether Buyer knew of his opposition to the sale and threats to disrupt it.  A copy of the redacted correspondence is attached as Exhibit 3.

63.     In a letter from counsel on January 9, 2019, CBC informed Dr. Greenberg it had not conveyed his position to Buyer first because his counsel had expressly stated that the December 26, 2018, letter was subject to the parties' non-disclosure agreement and second, because CBC did not wish to damage his relationship with Buyer.

64.     On January 10, 2019, Dr. Greenberg demanded without basis or right that CBC provide to him the Buyer's bid and all of the other bids CBC had received for the PATHS® Curriculum.  A copy of the redacted correspondence is attached as Exhibit 4.

### *Interference and Violations by Direct Contacts with Buyer*

65.     Dr. Greenberg has communicated directly with Buyer on multiple occasions, and has made statements to Buyer indicating he would hold up or otherwise impede the Sale unless he is given terms, concessions and promises he demands.

66.     As alleged above, Dr. Greenberg contacted Buyer directly by telephone on December 18, 2018.

67.     By email on January 11, 2019, Dr. Greenberg again communicated directly with Buyer stating his "disappoint[ment]" that Buyer had not complied with his requests from the December 18, 2018, phone call.  A copy of the redacted January 11, 2019 email correspondence is attached as Exhibit 5.

68.     In the January 11, 2019 email, Dr. Greenberg claimed, among other things, that he was "entitled to know what terms [Buyer] is offering to Channing Bete, or representations that are being made on my behalf, that would affect my future obligations when [Buyer] assumes the PATHS® Program."

69.     In the January 11, 2019 email, Dr. Greenberg also advocated for PEW's interests, stating "it would be difficult to make the PATHS® Program financially viable without the involvement of such a major salesperson as Dorothy [Morelli], who also has worked steadily to ensure the quality of training of PATHS® Education Worldwide is consistently high."

70.     In the January 11, 2019 email, Dr. Greenberg also referenced the contents of communications between CBC and himself.

71.     Channing Bete's prior communications with Dr. Greenberg were communications covered by Dr. Greenberg's non-disclosure agreement.

72.     The January 11, 2019 email from Dr. Greenberg concluded, "Please clarify what you meant when you said you are interested in collaborating and making sure we can all work together? How do you anticipate PATHS® Education Worldwide will fit into this collaboration? What consents will Channing Bete or [Buyer] seek from me, and when will this occur?" and asked for a response in four days.

73.     On January 12, 2019, in response to Dr. Greenberg's demands, the Buyer wrote directly to Dr. Greenberg and informed him that Buyer had discussed the request for release of the Sale terms with CBC and that they had made a joint decision to honor the non-disclosure agreement and keep the terms of the Sale confidential.

74.     In the January 12, 2019, correspondence Buyer reiterated that the terms of the Sale would not affect Dr. Greenberg's royalty calculations.

75.     In the January 12, 2019, correspondence Buyer stated that it would not be seeking consent from Dr. Greenberg in connection with the Sale.

76.     On January 17, 2019, Dr. Greenberg again wrote to Buyer, and advocated for PEW.  A copy of the redacted January 17, 2019, correspondence is attached as Exhibit 6.

77.     Dr. Greenberg stated in the January 17, 2019, correspondence, "I am reserving any and all rights that I may have in relation to the PATHS[®] Program should a sale of the PATHS[®] Program rights and assets be completed.  Further, I may withhold my consent to any transfer of the PATHS[®] Program rights and assets by Channing Bete (to the extent my consent may be sought or required), pending an agreement between the purchaser and PEW that allows PEW to continue its great work with PATHS curriculum training and corresponding sales."

78.     The January 17, 2019, correspondence from Dr. Greenberg to Buyer was another improper threat to interfere with the Sale unless the benefits to PEW demanded by Dr. Greenberg were guaranteed.

79.     Also on January 17, 2019, in response to a communication from CBC sent only to Dorothy Morelli at PEW regarding routine matters in the ongoing business relationship between CBC and PEW, Dr. Greenberg wrote an email message to CBC leadership claiming that CBC "did not want to partner with me/us" and suggesting that PEW would refuse to work with CBC.

80.     The January 17, 2019 email to CBC reads in full: "Are you kidding?? You cut us off at the knees, do not want to partner with me/us, and then we get this?? not happening given your choices.  Can you get your organization together?? insulted[,] Mark" A copy of the correspondence is attached as Exhibit 7.

81.     Upon information and belief, Ms. Morelli had forwarded to Dr. Greenberg the communication to which he was responding in his January 17, 2019, communication.  That communication to Ms. Morelli pertained entirely to the business of PEW and CBC.

82.     On January 18, 2019, CBC received an unsolicited email message from an individual unknown to CBC offering to purchase the PATHS® Curriculum rights on deal terms that mirrored PEW's original bid.  Upon information and belief, this proposed buyer received information from Dr. Greenberg or PEW, as only they knew the terms of PEW's offer to purchase.

83.     The January 18, 2019, offer to purchase was sent to an email address for CBC president Michael Bete which is not readily published but which is known to individuals, including Dr. Greenberg, with whom Mr. Bete corresponds.

84.     On January 24, 2019, Dr. Greenberg again communicated directly with the Buyer, promoted PEW as a partner for Buyer, and again threatened improperly to interfere even more with the Sale and with Buyer's success unless the demands he made on PEW's behalf were met. A copy of the redacted correspondence is attached as Exhibit 8.

85.     In the January 24, 2019 email, Dr. Greenberg sharply criticized Buyer's approach to relationships with PEW or other training companies.

86.     In the January 24, 2019 email, Dr. Greenberg requested that Buyer develop an agreement with PEW prior to the conclusion of the deal with CBC, stating that it "would greatly alleviate my concerns about working collaboratively with [Buyer] if you were to engage in negotiations with PEW and come to a mutually beneficial agreement."

87.     Dr. Greenberg concluded his January 24, 2019, correspondence by stating that he would "continue to have substantial reservations" if the Sale were to be completed without such an agreement.

88.     On January 25, 2019, CBC wrote via email to Dr. Greenberg, advising him that it was aware of his communications with Buyer, and reiterating what Buyer had already said: that Buyer could not engage in negotiating a trademark license or any other business arrangement with PEW until after the Sale closed.

89.     In the January 25, 2019, email, CBC also advised Dr. Greenberg he was violating the non-disclosure agreement he had signed and that he was causing other harm not only to

CBC but also the other Authors because of his efforts to advance the interests of PEW and himself at the expense of those other Authors.

### *Interference Through Proxies*

90.     Ms. Morelli, on behalf of PEW, has also had multiple communications with Buyer.

91.     Ms. Morelli's communications to Buyer included a February 5, 2019, letter in which she requested substantial new benefits for PEW from Buyer, including a commission for clients brought in by PEW.

92.     Dr. Greenberg has also requested substantial new benefits for PEW from Buyer, including a commission for clients brought in by PEW.  See Exh. 8.

93.     Upon information and belief, Dr. Greenberg is coordinating his strategy and communications to Buyer with Ms. Morelli and others in an effort to disrupt the Sale.

94.     Dr. Greenberg and PEW have demanded concessions from the Buyer which would result in benefits far exceeding those they presently receive under their business relationships with CBC.

95.     On or about February 19, 2019, CBC received a communication from Dr. Rebecca Cortes, an Author, with questions regarding the Sale, and a threat to withhold consent to a sale. A copy of the redacted correspondence is attached hereto as Exhibit 9.

96.     On or about February 22, 2019, CBC received a communication from Dr. Celene Domitrovich, an Author, with questions regarding the Sale, and a threat to withhold consent to a sale.  A copy of the redacted correspondence is attached hereto as Exhibit 10.

97.     The communications from Dr. Cortes and Dr. Domitrovich were substantially similar.

98.     The communications from Dr. Cortes and Dr. Domitrovich were substantially similar to the January 11, 2019, correspondence from Dr. Greenberg.

99.     Upon information and belief, Dr. Greenberg prompted the communications from Dr. Cortes and Dr. Domitrovich.

100.    The communications by Dr. Greenberg and his proxies to Buyer have imperiled the Sale.

101.    The communications by Dr. Greenberg or his proxies to CBC and Buyer have damaged the relationship between CBC and Buyer.

102.    Dr. Greenberg has promoted PEW's interests because, on information and belief, he stands to benefit from any benefit to PEW.

103.    Dr. Greenberg's efforts on behalf of PEW are improperly motivated, because they advance his personal interests at the expense of the Authors' interests as a group.  That is, if Dr. Greenberg is successful in benefiting PEW, he will benefit himself at the expense of at least some of the other Authors.

### Dr. Greenberg's Improper Competition with CBC and Trademark Violations

104.    Dr. Greenberg is a party to a non-competition agreement with CBC, which was incorporated into the license agreements for the PATHS® program and the PATHS® Preschool program.  The agreements provide in pertinent part that Dr. Greenberg agreed not to publish or distribute other curricula which would compete with the PATHS® Curriculum.  No

amendment has altered Dr. Greenberg's non-competition obligations under the license

agreements.

105.     In July 2017, Dr. Greenberg published a book called "Social and Emotional Skills

Training for Children: The Fast Track Friendship Group Manual" via the Guilford Press (the

"Book").

106.     The Book is marketed as a social-emotional curriculum which could be an

alternative to the PATHS® Curriculum.

107.     The publication of the Book violates Dr. Greenberg's obligations under the non-

competition agreement.

108.     The Book makes use of the PATHS® trademark.

109.     Dr. Greenberg does not have a license to use the PATHS® trademark.

110.     Upon information and belief, Dr. Greenberg, through PEW, has collaborated

with a Belfast, Northern Ireland-based group, Barnardo's, to create an unauthorized name of

"PATHS Plus" to identify a program for social-emotional learning.

111.     Barnardo's promotes its "PATHS Plus" program for social-emotional learning.

112.     Barnardo's provides links to PEW on its website, and refers to its relationship

with PEW as a training organization for the Barnardo's programs.

113.     Barnardo's promotes its "PATHS Plus Programme" on its website.

114.     Upon information and belief, Dr. Greenberg has been involved in developing

and/or promoting the PATHS Plus Programme.

115.     The PATHS Plus Programme combines the PATHS® Curriculum with the

Friendship Group program as described in the competing Book.

116.    In addition to using an unauthorized tradename for the program, the PATHS Plus Programme is harming the PATHS® brand by combining the PATHS® Curriculum with a non-PATHS® program, the Friendship Group program.

117.    Dr. Greenberg's involvement with the PATHS Plus Programme represents an unauthorized use of the PATHS® trademark and a violation of his non-compete obligations.

118.    Upon information and belief, Dr. Greenberg, through PEW, has collaborated with Barnardo's to create a series of unauthorized "Certified PATHS Trainer" tradenames.

119.    The Barnardo's website uses the unauthorized tradename PATHS Education UK.

120.    The Barnardo's website makes unauthorized use of the PATHS® trademark in connection with training services.

121.    Dr. Greenberg is also violating the PATHS® trademark in online locations including his biographies on the Pennsylvania State University website, http://prevention.psu.edu/people/greenberg-mark, and the Collaborate for Academic, Social, and Emotional Learning website, https://casel.org/board-of-directors/mark-greenberg/.

122.    Dr. Greenberg has also launched an organization called Create for Education, and is chairman of its Board of Directors.

123.    Ms. Morelli, of PEW, is president of Create for Education, and Dr. Rebecca Cortes and Dr. Christa Turksma, Dr. Greenberg's wife, serve on its Board of Directors.

124.    Create for Education's website includes a section describing its SEL Consulting services.

125.    The CREATE website includes a direction to contact Ms. Morelli, president of CREATE and also CEO of PEW, regarding SEL consulting services.

126.     Upon information and belief, CREATE is steering potential clients of the

PATHS® Curriculum to other social and emotional learning curricula.

127.     Upon information and belief, Dr. Greenberg is competing with CBC through

Create for Education, in violation of his non-competition agreement.

## CAUSES OF ACTION

### Count One
### (Tortious Interference with Contract)

128.     Channing Bete hereby incorporates the allegations of paragraphs 1 through 127

of this Complaint.

129.     As of December 7, 2018, Channing Bete had an existing contract with Buyer in

the form of a Letter of Intent fully executed on that date.

130.     Defendant Greenberg was aware of the existence of that contract.

131.     By his conduct described above, defendant Greenberg sought to interfere with

that contract by inducing Buyer not to deal further with Channing Bete.

132.     As a direct and proximate result of defendant Greenberg's conduct, Channing

Bete has suffered damages in an amount to be proven at trial.

### Count Two
### (Tortious Interference with Advantageous Business Relations)

133.     Channing Bete hereby incorporates the allegations of paragraphs 1 through 132

of this Complaint.

134.     As of December 7, 2019, Channing Bete enjoyed an advantageous business

relationship with Buyer including the contemplation of entering into a contract of substantial

economic benefit.

135.     Defendant Greenberg was aware of the existence of that advantageous business relationship.

136.     By his conduct described above, Defendant Greenberg intentionally, by improper means and with improper motives, interfered with that relationship.

137.     As a direct and proximate result of defendant Greenberg's conduct, Channing Bete has suffered damages in an amount to be proven at trial.

**Count Three**
**(Trademark Infringement)**

138.     Channing Bete hereby incorporates the allegations of paragraphs 1 through 137 of this Complaint.

139.     By his conduct described above, defendant Greenberg has infringed on Channing Bete's rights under the Trademark in violation of 15 U.S.C. § 1114.

140.     Defendant Greenberg's infringement has been willful and malicious.

141.     As a direct and proximate result of defendant Greenberg's infringement, Channing Bete has suffered damages in an amount to be proven at trial.

**Count Four**
**(Breach of Non-Disclosure/Confidentiality Agreements)**

142.      Channing Bete hereby incorporates the allegations of paragraphs 1 through 141 above.

143.     By his conduct described above, defendant Greenberg has breached the terms of the non-disclosure and confidentiality provisions of the Non-Disclosure Agreement.

144.     As a result of defendant Greenberg's breach, Channing Bete has been damaged in an amount to be proven at trial.

## Count Five
### (Breach of Non-Compete Agreement)

145.    Channing Bete hereby incorporates the allegations of paragraphs 1 through 144 above.

146.    By his conduct described above, defendant Greenberg has breached the terms of the non-compete provisions of the PATHS® License Agreement and of the PATHS® Preschool License Agreement.

147.    As a result of defendant Greenberg's breach, Channing Bete has been damaged in an amount to be proven at trial.

## Count Six
### (Violation of M.G.L. c. 93A)

148.    Channing Bete hereby incorporates the allegations of paragraphs 1 through 147 above.

149.    Channing Bete is engaged in the trade and business of publishing and distribution in and from the Commonwealth of Massachusetts.

150.    Defendant Greenberg is in the trade and business of licensing copyrighted material for publication and distribution in and from the Commonwealth of Massachusetts.

151.    By his conduct described above, defendant Greenberg has violated Massachusetts General Laws, chapter 93A, §§ 2 and 11.

152.    All prerequisites for the bringing of a claim under M.G.L. c. 93A, §§ 2 and 11 have been satisfied or excused.

153.    Defendant Greenberg's violation of M.G.L. c. 93A has been willful.

154.    As a result of defendant's violation of M.G.L. c. 93A, Channing Bete has been

damaged in an amount to be proven at trial.

Wherefore, plaintiff Channing Bete prays for relief including:

A.    Judgment in its favor on all Counts;

B.    Damages (including, on Count Six, multiple damages in an amount not less than two or more than three times the amount of actual damages);

C.    Interest;

D.    Costs;

E.    Attorneys' fees; and

F.    Such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Channing Bete hereby demands a trial by jury as to all issues so triable.

The Plaintiff,
CHANNING BETE COMPANY, INC.
By Its Attorneys:

Dated:  March 7, 2019

*/s/ Kevin C. Maynard*
Kevin C. Maynard (BBO #550669)
Elizabeth S. Zuckerman (BBO #673190)
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115-5507
Tel. 413-781-2820
Fax 413-272-6804
kmaynard@bulkley.com
ezuckerman@bulkley.com

3069291v2