# EXHIBIT 1



December 26, 2018

Via email and USPS

Jason Niles
Vice President, Marketing & Sales
Channing Bete Company, Inc.
One Community Place
South Deerfield, MA 01373-7328
jniles@channing-bete.com

**Re: Concerns about Proposed Sale of PATHS Distribution Rights (Our Docket No. 020097)**

Dear Mr. Niles,

We represent Mark Greenberg, Ph.D. in his intellectual property matters. We are writing to notify Channing Bete Company, Inc. ("CBC") of Dr. Greenberg's concerns about CBC's recent announcement that it "has accepted an offer for CBC's PATHS® Program distribution rights and related intellectual property assets, from Anna-Lisa Mackey and her ▮▮▮▮▮▮▮ organization." It is our client's belief that CBC does not have the authority to enter into this arrangement. We therefore propose an alternative solution.

## Concern about Royalty Basis

As you know, Dr. Greenberg (and fellow licensor Carol Kusche, Ph.D.) first entered into an agreement with Developmental Research and Programs, Inc. ("DRP") in 1993 to license the PATHS curriculum. The license entitled DRP to exclusive publishing and distribution rights of the PATHS curriculum in exchange for royalties of 20 percent of gross revenue from sales of the PATHS curriculum up to 10,000 copies sold, converting to 25 percent after 10,000 copies were sold. In 2001, DRP merged into CBC. The 1993 agreement was then adopted by CBC and continued in force and effect.

In 2004, Drs. Greenberg and Kusche, along with Celene Domitrovich and Rebecca Cortes, entered into a license agreement with CBC to publish and distribute the PATHS Preschool curriculum. This agreement included the same royalty payment rate from CBC to the licensors: 20 percent of gross revenue from sales of the PATHS curriculum up to 10,000 copies sold, converting to 25 percent after 10,000 copies were sold.

The licensors entered into several amendments to the 2004 agreement. Each of these amendments anticipated a royalty stream to the licensors. For example, the first amendment incorporates the PATHS Preschool curriculum royalty for translations of the Preschool PATHS Parent Components. The second amendment incorporates the original PATHS curriculum royalty and an alternative royalty of 20 percent for certain flat fee sales for translations of the PATHS Curriculum Kit. The third amendment anticipates a combined royalty of 17.5 percent on sales of the first

10,000 GL PATHS curriculums, increasing to a combined royalty of 21.875 percent after the first 10,000 curriculums are sold. This amendment also anticipated charitable donations of 2.5 percent of gross revenue on the first 10,000 curriculums sold, increasing to 3.125 percent thereafter. The fourth amendment anticipates a combined royalty of 15 percent for the first 10,000 GL PATHS Grades 4 and 5 curriculums sold, increasing to a combined 18.75 percent thereafter; that amendment also includes a charitable donation of 5 percent of gross revenue, increasing to 6.25 percent after 10,000 sales.

Since the royalty rates fluctuate based on number of sales, we request clarification as to whether CBC and the potential buyer, including ████████████ anticipate that the number of sales would be counted from zero or from the current total sales number. Dr. Greenberg anticipates that the buyer would count all previous sales and not re-start the counter of curriculum sold at zero.

**Licenses Not Assignable**

Dr. Greenberg believes the licenses between CBC and him are not assignable in the manner contemplated by CBC's proposed arrangement with ████████████ The 2004 agreement states that the agreement "may be assigned by [CBC] pursuant to a merger or a sale of all or substantially all of [CBC]'s capital stock, assets or business." (Sec. 12.) Thus, the 2004 agreement is explicitly not assignable unless the entire company is sold or merged.

The first amendment, discussed above, makes explicit reference to the 2004 agreement, thereby declaring that it is the "first amendment" to the 2004 agreement. It also includes a merger clause suggesting that it incorporates all terms of the 2004 agreement, including the non-assignability clause. Thus, the first amendment also is not assignable.

The third and fourth amendments adopt the prior agreements of the parties, which would include the 2004 agreement. Thus, the third and fourth amendments are not assignable.

The 1993 agreement and the 2004 agreement include personal service provisions requiring the licensors to "provide at Authors' cost two to four presentations, seminars or workshops annually" on the licensed curriculum "for the purposes of marketing the curriculum nationally, such presentations to be made at times and before groups to be mutually agreed between Licensee and Authors." This personal service requirement is a non-assignable personal obligation. The licensors cannot be compelled to offer a service free of charge to a new licensee not approved by the persons providing the personal service. Thus, the 2004 agreement is not assignable on this independent basis. The 1993 agreement also is not assignable on this basis. The second amendment recognizes the first amendment and the 1993 agreement, thereby incorporating non-assignability by reference.

Moreover, both the 1993 agreement and the 2004 agreement are not assignable because they include non-competition clauses. These non-competition clauses prohibit the licensors from competing with CBC by publishing or distributing curricula that would compete with the relevant PATHS curriculum. (Sec. 11 and Sec. 10 respectively.) Massachusetts courts have determined that non-competition agreements are not assignable. Therefore, the 1993 agreement and 2004 agreement, and their amendments, are not assignable in the manner CBC appears to be pursuing with ████████████

We note that the prospectus provided to Hazelden did not describe the licenses in detail and did not notify Hazelden that the licenses might not be assignable. Please indicate whether ▮▮▮▮▮▮ has been made aware that the PATHS licenses might not be assignable.

### Right to Termination

As you know, none of the agreements between CBC and Dr. Greenberg include an irrevocability clause or a termination provision. Since no contract can be deemed to be perpetual without a party's right to termination, and because the agreements discussed here include personal service requirements, and because these agreements include non-competition clauses, we believe that Dr. Greenberg retains the right to terminate the licenses at will. While Dr. Greenberg is not exercising that right at this time, we do want to ensure that all parties are aware of this right.

### Copyright Registrations

Dr. Greenberg has also learned of the multiple copyright registrations CBC has acquired pertaining to the PATHS curriculum. While one or more of the amendments granted to CBC the right to prepare derivative works of the PATHS curriculum, it is unclear what was claimed or omitted in those registrations with respect to the licensed material. Please provide copies of all copyright registrations of the PATHS curricula, as well as the sample or specimen material submitted with each application for copyright of the PATHS curricula.

### Concerns about Potential Sale

Dr. Greenberg wishes to inform CBC that he will not cooperate with any prospective buyer who purchases the PATHS licenses unless Dr. Greenberg consents to the arrangements and unless a subsequent agreement is entered to address the concern about non-assignability. Dr. Greenberg would not appreciate it if CBC were to attempt unilaterally to sell the PATHS licenses.

In particular, at this time Dr. Greenberg has significant business concerns with CBC's proposed sale of the PATHS licenses to ▮▮▮▮▮▮ Dr. Greenberg is concerned that ▮▮▮▮▮▮ will not be able to accurately and effectively promote the PATHS curricula in a way that balances the need for financial viability with the goals of the PATHS program.

### NDA Applicable

This letter contains confidential information. This letter and the information contained in it are being transmitted pursuant to the non-disclosure agreement entered into between Dr. Greenberg and CBC on December 7, 2018.

### Conclusion

The purpose of this letter is to open a discussion with CBC and to get all parties to the table to protect Dr. Greenberg's rights in a way that is beneficial to all parties, including CBC. One solution we propose is to identify an unaffiliated third party who would be interested in acquiring the PATHS licenses. To this end, we propose re-opening negotiations with other potential buyers that expressed interest in acquiring the PATHS licenses before CBC entered exclusive negotiations with ▮▮▮▮▮▮

Page 4 of 4

We look forward to working with you to resolve the concerns raised in this letter and to effectuate a deal that will benefit all parties while maintaining the integrity of the PATHS program. Please feel free to contact me by email (smd@iplawgroup.com) or by phone (615-242-2400) to continue these discussions.

Sincerely,

**PATTERSON INTELLECTUAL PROPERTY LAW, P.C.**

Scott M. Douglass
smd@iplawgroup.com

Cc via email:
Mike Bete (mikebete@channing-bete.com)
Mark Patterson (mjp@iplawgroup.com)