UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK T. GREENBERG and PATHS®, | ) | |
|     Third-Party Plaintiff- | ) | |
|     Third-Party Counterclaim | ) | |
|     Defendant, | ) | |
| | ) | |
| PATHS® EDUCATION WORLDWIDE, LLC, | ) | |
| | ) | |
|     Third-Party Plaintiff | ) | |
| | ) | |
|     v. | ) | Civil No. 3:19-cv-30032-MGM |
| | ) | |
| PATHS PROGRAM HOLDING, LLC (MA), | ) | |
| LEARNINGSEL (NJ), | ) | |
| | ) | |
|     Third-Party Defendants, | ) | |
| | ) | |
| PATHS PROGRAM HOLDING, LLC (AZ), | ) | |
| PATHS PROGRAM, LLC (AZ), | ) | |
| LEARNINGSEL, LLC (AZ), | ) | |
| | ) | |
|     Third-Party Defendants- | ) | |
|     Third-Party Counterclaim Plaintiffs. | ) | |

MEMORANDUM AND ORDER ON THIRD-PARTY PLAINTIFF
MARK T. GREENBERG'S MOTION TO COMPEL DISCOVERY
(Dkt No. 170)

ROBERTSON, U.S.M.J.

    Third-party plaintiff Mark T. Greenberg ("Plaintiff") has moved to compel third-party

defendant PATHS Program Holding, LLC (AZ) ("Defendant") to produce documents responsive

to certain of his Fed. R. Civ. P. 34 requests for production (Dkt. No. 170).  Defendant filed an

opposition to the motion (Dkt. No. 177), to which Plaintiff replied (Dkt. No. 187), and the parties

were heard in oral argument (Dkt. No. 194).  For the following reasons, Plaintiff's motion is

DENIED.

I.     **BACKGROUND**

On January 5, 2022, Plaintiff filed his Second Amended Complaint against Defendant, as well as PATHS Program, LLC (AZ), LearningSEL, LLC (AZ), PATHS Program Holding, LLC (MA), and LearningSEL, LLC (NJ) (collectively, "Third-Party Defendants"), asserting counts for copyright infringement, Lanham Act violations, and, as pertains to this motion, breach of contract for failing to properly pay royalties in accordance with certain licenses that had been assigned to Third-Party Defendants in copyrighted materials with the copyrights held by, among others, Plaintiff (the "PATHS® Licenses") (Dkt. No. 143).  In particular, the PATHS® Licenses call for the licensee to pay royalties to named authors, including Plaintiff, as a percentage of the "gross revenue from sales" of the PATHS® Curriculum materials.  Plaintiff alleges, on information and belief, that the royalties that Third-Party Defendants have paid to him since at least Q3 2019 have not been calculated and paid based on gross revenue from sales, have been less than the amount owed to him, and have been based on calculations that included improper deductions from the gross revenue figures.

On March 28, 2022, Plaintiff served Third-Party Defendants with his First Set of Requests for Production of Documents, which included requests intended to provide Plaintiff with documents sufficient to allow him to verify the propriety of royalty payments made by Third-Party Defendants.  Specifically, Plaintiff submitted the following requests:

> Request for Production No. 15:  Documents sufficient to establish royalties You paid or authorized to be paid to Dr. Greenberg were based on gross sales of the PATHS curriculum and any portion thereof.
>
> Request for Production No. 16:  Documents sufficient to establish any deductions made from the selling price of the PATHS curriculum and any portion thereof, that were made when calculating the royalties that You paid or authorized to be paid to Dr. Greenberg.

> Request for Production No. 20:  Documents sufficient to establish
> the undiscounted price of each product and service that You have
> offered for sale pursuant to the PATHS Licenses.

(Dkt. No. 172-1 at 5-6).  On May 26, 2022, Third-Party Defendants objected to each of these

requests as "overbroad, vague, unduly burdensome, and not proportional to the needs of the

case," and to the "implied assumptions regarding the method of calculation of royalties."

Nevertheless, Third-Party Defendants agreed, subject to and without waiving their objections, to

produce non-privileged documents and things in their possession, custody, or control "sufficient

to establish the royalties paid to Dr. Greenberg and the method of calculation for those royalties"

(Dkt. No. 172-2 at 5-7).

In response to these requests, Third-Party Defendants have produced: (1) quarterly

Royalty Reports itemizing royalties paid to authors for commissionable PATHS® products

("Royalty Reports"); (2) quarterly Gross Revenue Reports for all PATHS® products ("Gross

Revenue Reports"), documents which Third-Party Defendants instructed their accountant to

create in order to allow Plaintiff to verify the calculations reflected in the Royalty Reports; (3) a

document describing the royalty methodology utilized (the "Royalty Methodology Document");

and (4) a document specifying which PATHS® products are subject to a commission and which

are not (the "Books and Training Spreadsheet") (Dkt. No. 178 at ¶¶ 6-7; Dkt. No. 178 at ¶ 8;

Dkt. No. 179 at ¶¶ 3-7).  Despite Third-Party Defendants' representation on September 8, 2022,

that they had produced all documents necessary for Plaintiff to verify the royalty calculations,

and on December 2, 2022, that they had produced all accounting information responsive to

Plaintiff's requests, Third-Party Defendants did not produce the Gross Revenue Reports until

January 18 and 23, 2023 (Dkt. No. 172-4 at 1; Dkt. No. 172-7 at 2; Dkt. No. 179 at ¶¶ 6-7).  This

was after Plaintiff's counsel had notified Third-Party Defendants' counsel on January 7, 2023, of

his intent to file a motion to compel, and after Plaintiff took the depositions of Anna-Lisa Mackey, CEO and sole owner of Third-Party Defendants, on January 10, 2023, and Glenn Mackey, Third-Party Defendants' Rule 30(b)(6) designee for the topic of royalty calculations and payments, on January 12, 2023 (Dkt. No. 172-15 at 2; Dkt. No. 172-17; Dkt. No. 172-18).

Notwithstanding Third-Party Defendants' production of these documents, Plaintiff proceeded with filing his motion to compel on January 25, 2023, based on his view that the produced materials remained insufficient to establish how Third-Party Defendants calculated the "gross revenue from sales" figures and the basis for the evident deductions that were taken to derive those figures (Dkt. No. 171 at 15-18).  While Third-Party Defendants laid out in their Opposition (and apparently in a meet and confer with Plaintiff's counsel on January 24, 2023) how Plaintiff could compare the corresponding Royalty Reports and Gross Revenue Reports in reference to the Royalty Methodology Document and the Books and Training Spreadsheet to determine how Third-Party Defendants calculated "gross revenue from sales," (Dkt. No. 177 at 9-13; Dkt. No. 179 at ¶ 9), Plaintiff maintains that he remains unable to accurately calculate the correct royalty amounts owed to him because of inaccuracies and inconsistencies within and between the Gross Revenue Reports and Royalty Reports (Dkt. No. 187 at 5-7).  Plaintiff focuses his attention on two discrepancies.  First, the Gross Revenue Report for Q1 2022 lists the total gross revenue from sales figure as $347,282.26, while the actual sum of the entries is $299,433.96.  Second, there are a number of unit discrepancies between the Gross Revenue Report from Q4 2021 and the corresponding Royalty Report for the same period.  Namely, the Gross Revenue Report from Q4 2021 reflects a total number of PATHS® Grade 2 Implementation Package units of 70, a total number of PATHS® Grade 3 Implementation Package units of 65, a total number of PATHS® Grade 4 Implementation Package units of 62,

and a total number of PATHS® Grade 5 Implementation Package units of 64, while the corresponding Royalty Report reflects only 69, 64, 61, and 63 units, respectively, a difference of one for each grade level.  Plaintiff argues that, because he cannot accurately assess his damages with these flawed documents, Defendant should be ordered to produce documents responsive to his requests, including, at a minimum, the live data files for the produced Gross Revenue Reports and/or the sales records underlying the entries therein.  Plaintiff also seeks any other relief the court deems just, including an accounting Third-Party Defendants previously offered but then did not follow through on.  Finally, Plaintiff seeks his costs for bringing the motion to compel and his anticipated costs for re-deposing Third-Party Defendants on the subject matter of gross revenue from sales and royalty calculations based on the Gross Revenue Reports not having been produced until after the 30(b)(6) deposition.

Third-Party Defendants, for their part, maintain that they have produced all existing documents in their possession, custody, and control regarding the methodology they use to calculate royalties, the royalties actually paid, and how those royalties are calculated (Dkt. No. 179 at ¶¶ 9-10; Dkt. No. 179-4 at 1).  At oral argument, counsel for Third-Party Defendants explained that the discrepancy in the Gross Revenue Report for Q1 2022, which Third-Party Defendants' accountant created for purposes of this litigation, occurred because the accountant excluded certain items unrelated to PATHS® but neglected to update the total to reflect those exclusions.  Further, according to Third-Party Defendants, they do not maintain transaction-level reports containing pricing, sales, or revenue information for PATHS® products for any of the three licensed distributors (Dkt. No. 178 at ¶ 5).  If ordered to produce such documents, Third-Party Defendants would have to instruct their accountant to create documents reflecting

5

transaction-level sales and revenue, which would be overly burdensome and out of proportion to Plaintiff's narrow breach of contract claim (Dkt. No. 177 at 15-16).

## II.     LEGAL PRINCIPLES

Under Rule 34 "[a] party may serve on any other party a request within the scope of Rule 26(b) ... to produce and permit the requesting party ... to inspect ... the following items in the responding party's possession, custody, or control: .... any designated documents or electronically stored information ... stored in any medium from which information can be obtained ...." Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b), in turn, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26, the court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *See* Fed. R. Civ. P. 26(b)(2)(C). "The party resisting discovery bears 'the burden of showing some sufficient reason why discovery should not be allowed.'" *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-CV-11020-ADB, 2021 WL 1821358, at *2 (D. Mass. May 6, 2021) (quoting *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F. Supp. 1165, 1186 (D. Mass. 1989)).

## III.     DISCUSSION

Here, Third-Party Defendants have met their burden of showing a sufficient reason why the additional discovery Plaintiff seeks should not be allowed.  Third-Party Defendants have produced all documents in their possession, custody, and control that are responsive to Plaintiff's request numbers 15, 16, and 20, which is all that is required of them under Rule 34.  Plaintiff now seeks additional transaction-level documents based on inaccuracies and inconsistencies he has identified in the documents Third-Party Defendants have produced.  However, the documents Plaintiff seeks do not exist, and "[i]t is well-settled that a responding party's obligations under Rule 34 do not extend to non-existent materials."  *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, Civil Action No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (citing *Thompson v. Lantz*, No. 3:04cv2084 (AWT), 2009 WL3157561, *1 (D. Conn. Sept. 25, 2009) ("[A] party cannot be compelled to create, or cause to be prepared, new documents solely for their production.  Rule 34 only requires a party to produce documents that are already in existence."); *Georgacarakos v. Wiley*, Civil Action No. 07-cv-01712-MSK-MEH, 2009 WL 924434, *2 (D. Colo. Apr. 3, 2009) (noting that "if a requested document is not in the possession of a party or non-party, such person need not create the nonexistent document"); *Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) (a party is not required under Rule 34 to create new documents solely for their production)).  Moreover, Third-Party Defendants have explained the inconsistency in the Gross Revenue Report for Q1 2022, an explanation that Plaintiff has not refuted, and the minor unit volume discrepancies between the Gross Revenue Report from Q4 2021 and the corresponding Royalty Report for the same period do not provide a justification for the production of further documents or data.  The bottom line is that Plaintiff has requested documents sufficient to allow him to verify the propriety of royalty

payments made by Third-Party Defendants, and Third-Party Defendants have produced all responsive documents in their possession, custody, and control.  Further, Third-Party Defendants have demonstrated how Plaintiff can corroborate the royalties detailed on the quarterly Royalty Reports with the quarterly Gross Revenue Reports by reference to the documents describing the royalty methodology utilized and the documents specifying which PATHS® products are subject to a commission and which are not.  Plaintiff may disagree that certain deductions were permissible in accordance with the PATHS® Licenses but advancing this contention does not require the production of additional documents or data.

This leaves the question of payment of expenses.  Pursuant to Rule 37, "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must … require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses in making the motion, including attorney's fees, … [unless]: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure … was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  On the other hand, "[i]f the motion is denied, the court … must … require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees … [unless] the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the motion is being denied and Third-Party Defendants disclosed the requested discovery before the motion was filed, hence there is no basis under the rule for shifting Plaintiff's costs related to the motion to Defendant.  Fed. R. Civ. P. 37(a)(5)(A).  Moreover,

Plaintiff has not articulated any basis on which to premise an award of his costs relating to the possible continued 30(b)(6) deposition, nor is the court satisfied on this record that Third-Party Defendants' late production of the Gross Revenue Reports, which notably were created solely for purposes of this litigation, was the result of excessive gamesmanship or bad faith such as might justify the imposition of a sanction if such a basis existed.

Finally, while Plaintiff's motion to compel is being denied, the court declines to order Plaintiff or his counsel to pay Third-Party Defendants' reasonable expenses incurred in opposing the motion on the ground that the motion was substantially justified and other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).  A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Courts have 'great latitude' in awarding such expenses." *Glynn v. Maine Oxy-Acetylene Supply Co.*, 2:19-cv-00176-NT, 2022 WL 1102656, at *5 (D. Me. Apr. 13, 2022) (quoting *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985)).  While all parties are ably represented and counsel have worked cooperatively in discovery, there is a substantial level of distrust among the parties.  The court is satisfied that at the time Plaintiff filed his motion to compel, he believed that he was unable to calculate the "gross revenue from sales" figures and the basis for the evident deductions from the "gross revenue from sales figures" and that there were delays in document production and unexplained inconsistencies within and discrepancies between the produced documents that provided Plaintiff an adequate basis to contend that Third-Party Defendants should be compelled to make an additional production.

## IV.    CONCLUSION

9

For the above-stated reasons, Third-Party Plaintiff Mark T. Greenberg's Motion to Compel

Discovery (Dkt. No. 170)  is DENIED.  The court declines to award fees to any party.

It is so ordered.

Dated:  June 7, 2023                                    /s/ Katherine A. Robertson
                                                        KATHERINE A. ROBERTSON
                                                        United States Magistrate Judge