UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARK T. GREENBERG, | ) | |
| | ) | |
|     Third-Party Plaintiff and Defendant-<br>    in-Counterclaim, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATHS PROGRAM HOLDING, LLC (AZ), | ) | Case No. 3:19-cv-30032-MGM |
| PATHS PROGRAM, LLC (AZ), | ) | |
| LEARNINGSEL, LLC (AZ), | ) | |
| PATHS PROGRAM HOLDING, LLC (MA), | ) | |
| and LEARNINGSEL, LLC (NJ), | ) | |
| | ) | |
|     Third-Party Defendants and Plaintiffs-<br>    in-Counterclaim | ) ) | |

MEMORANDUM AND ORDER CONCERNING THIRD-PARTY DEFENDANTS' RULE
56(d) MOTION TO STAY RESOLUTION OF SUMMARY JUDGMENT PENDING
FURTHER DISCOVERY
(Dkt. No. 237)

Before the court is a motion filed by Third-Party Defendants and Plaintiffs-in-

Counterclaim PATHS PROGRAM HOLDING, LLC (AZ); PATHS PROGRAM, LLC (AZ);

LEARNINGSEL, LLC (AZ); PATHS PROGRAM HOLDING, LLC (MA); and

LEARNINGSEL, LLC (NJ) ("Third-Party Defendants") seeking to stay resolution of the parties'

partial cross-motions for summary judgment pending further discovery ("Rule 56(d) Motion").

For the reasons set forth below, and those stated at the February 28, 2024 hearing, the Rule 56(d)

Motion is DENIED.

I.     Relevant Background

This case has substantial history that is not pertinent to the motion now before the court.

In summary and in pertinent part, Third-Party Plaintiff Mark T. Greenberg, Ph.D. ("Greenberg"),

with colleagues, developed a series of curricula, called the PATHS curricula, that support the

social and emotional development of children. On or around May 30, 2019, an entity affiliated

with the Third-Party Defendants acquired the rights to licenses to distribute the PATHS curricula

("PATHS Licenses") from Channing Bete Company ("CBC"). In this action in its present

configuration, Greenberg asserts claims against the Third-Party Defendants for copyright

infringement, breach of contract, and trademark infringement. The Third-Party Defendants

assert counterclaims for tortious interference with advantageous business relationships and

breach of contract. On October 16, 2023, the Third-Party Defendants filed their motion for

partial summary judgment, seeking judgment on Greenberg's claims for copyright infringement,

trademark infringement, and so much of his breach of contract claim as asserts that the Third-

Party Defendants were required to use best efforts to promote certain licensed products (Dkt. No.

202 at 2). On the same day, Greenberg filed his motion for partial summary judgment, seeking

judgment in his favor on his claims of copyright infringement and breach of contract and seeking

judgment on the Third-Party Defendants' counterclaims for tortious interference with

advantageous business relationships and breach of contract (Dkt. No. 207 at 1).

One basis of Greenberg's copyright infringement claim is that the Third-Party

Defendants have exceeded the scope of the PATHS Licenses by distributing digital versions of

the PATHS curricula over the Internet. Dr. Greenberg asserts that none of the PATHS Licenses

granted the right to modify the Licensed PATHS curricula into a digital format that could be

distributed over the Internet (Dkt. No. 218). In seeking summary judgment, the Third-Party

Defendants argue that digital publication was not a new use when the relevant licenses were

executed and that the licenses do not exclude digital publication rights. In these circumstances,

they contend, the PATHS Licenses gave the license holder the exclusive right to distribute the

PATHS curricula in any medium. They further argue that, even if digital publication was a new

2

use, the conduct of the parties, prior to the Third-Party Defendants' acquisition of the licensing rights, shows that the parties understood the licenses to include the right to distribute the PATHS curricula in any medium, including in digital form (Dkt. No. 203 at 20-21).  As their final argument in support of their position that the licenses included the right to distribute the PATHS curricula in digital form, the Third-Party Defendants point out that the company from whom they acquired the PATHS Licenses – CBC – entered into 2015 and 2018 sub-licensing agreements with Tang Doll International, Ltd. ("Tang Doll"), a company in China, that authorized Tang Doll to distribute the PATHS curricula in electronic form on a password-protected Internet server. The Third-Party Defendants contend that Greenberg knew about and acquiesced in Tang Doll's distribution of the PATHS curricula over the Internet (Dkt. No. 203 at 21).

Greenberg's opposition to the Third-Party Defendants' quest for summary judgment on his copyright claims rests in part on an April 22, 2015 email that Greenberg failed to produce in discovery (Dkt. No. 218 at 18-19).  That email was sent to Greenberg by David Urbonas, who was at that time a CBC employee.  Mr. Urbonas forwarded Greenberg an email exchange he had just had with a Tang Doll employee in which Urbonas refused to agree to a Tang Doll proposal that would have permitted Tang Doll to distribute PATHS program content in electronic form over the Internet.  In the forwarding email, Urbonas told Greenberg that he wanted Greenberg to be aware of CBC's most recent exchange with Tang Doll and assured Greenberg that "[a]s you know, [CBC's] agreement with them (as it is with other distributors) is clear about prohibiting electronic distribution of program content" (Dkt. No. 237-3) ("Tang Doll Email Exchange"). Greenberg further attests by affidavit that he was not aware of the 2015 or the 2018 sub-license agreements with Tang Doll that authorized distribution of the PATHS curricula over the Internet.

As to Third-Party Defendants' request for summary disposition of Greenberg's trademark claim, they argue, among other things, that Greenberg does not have evidence to establish customer confusion concerning their distribution activities (Dkt. No. 203 at 11).  In his opposition, Greenberg states that his trademark claim is for false endorsement.  The claim, he explains, is premised on the Third-Party Defendants' association of their new and untested curriculum, called Emozi, with Greenberg's name and the PATHS curricula.  He argues that the Third-Party Defendants' joint marketing of the PATHS curricula with the Emozi material has resulted in the false impression that Greenberg is associated with and endorses the Emozi program, which is not true (Dkt. No. 218 at 4).  In defending against the Third-Party Defendants' request for judgment on his trademark claims, Greenberg relies, in part, on another email that he had not previously produced, from one Angela McMaster ("McMaster Email").  Ms. McMaster asked Dorothy Morelli, who had been involved in PATHS training and who competed with the Third-Party Defendants to purchase the PATHS licenses, whether PATHS was Ms. Morelli's primary focus or whether she was also involved with Emozi.  Ms. Morelli responded that she and Greenberg had nothing to do with Emozi, and that the PATHS curricula developers had not developed the Emozi material.  Ms. Morelli recommended an alternative to the Emozi material to Ms. McMaster, who then responded to Ms. Morelli that she (Ms. McMaster) would have been deceived by "their" advertising of Emozi (Dkt. No. 220-27).

Invoking Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), the Third-Party Defendants have moved that the court stay its rulings on the parties' cross-motions for partial summary judgment; order Greenberg and his attorney to search all of Greenberg's accounts and other electronic files for documents referencing Tang Doll and specified related terms; order Greenberg to produce the Tang Doll email pursuant to the parties' negotiated protocol governing

the production of electronically stored information; and order Greenberg to sit for further

deposition on topics related to Tang Doll (Dkt. No 237 at 2).  In their memorandum in support of

their Rule 56(d) Motion, the Third-Party Defendants argue primarily that they have been

disadvantaged in pressing their motion for partial summary judgment on Greenberg's copyright

infringement claims by Greenberg's reliance on the unproduced Tang Doll Email Exchange

(Dkt. No. 238 at 7).

    II.   <u>Discussion</u>

        Rule 56(d) provides as follows:

> (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT.  If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> > (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

    "The rule 'provides a safety valve for claimants genuinely in need of further time to

marshal "facts, essential to justify [their] opposition … to a summary judgment motion."'"

*Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022) (quoting *Reid v. New

Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995) (alteration in original)).  "[T]he crucial inquiry

under Rule 56(d) is whether the movant has had a full and fair opportunity to conduct discovery

needed to mount an effective opposition to a summary judgment motion."  *Id.* (citing *Rivera-

Almodóvar v. Instituto Socioenconómico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013)).

"The rule is intended to guard against judges swinging the summary judgment axe too hastily."

*Resolution Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994) (citing *Price

v. Gen. Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991)).

> A litigant who desires to invoke Rule [56(d)] must make a sufficient proffer.  In all events, the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce facts essential to opposing summary judgment.  When, as is often the case, the reason relates to incomplete discovery, the party's explanation must take a special form: it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable timeframe, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Resolution Tr. Corp.*, 22 F.3d at 1203 (citations omitted).[1]

The court agrees with the Third-Party Defendants that Greenberg should have produced the Tang Doll Email Exchange and the McMaster Email during non-expert discovery.  The emails are relevant to issues in the case, and Greenberg relies on them in support of his opposition to the Third-Party Defendants' partial summary judgment motion (Dkt. No. 218 at 9, 18-19).  Nonetheless, under the standards set forth by the First Circuit, the Third-Party Defendants have not made a sufficient proffer to justify relief under Rule 56(d).  The motion is supported by a declaration from the Third-Party's Defendants' counsel, but the declaration does not address the criteria for obtaining Rule 56(d) relief set out by the First Circuit in the *Resolution Trust Corporation* case (Dkt. No. 237-2).

First, the declaration does not show why the Third-Party Defendants are unable to adduce facts to mount an opposition to Greenberg's partial motions for summary judgment without further discovery.  Although the Third-Party Defendants argued that Greenberg relied on the Tang Doll Email Exchange in support of his summary judgment motion, he did not.  Greenberg's

---

[1] "Prior to 2010, what is now Rule 56(d) was denominated as Rule 56(f)."  *Emigrant Residential LLC*, 37 F.4th at 724 (citing *Resolution Tr. Corp.*, 22 F.3d at 1203; *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 540 F.2d 985, 988 (1st Cir. 1988); Fed. R. Civ. P. 56 advisory committee note to 2010 amendment).  Although there have been minor revisions to the text of Rule 56(d), cases decided under old Rule 56(f) remain authoritative.  *Id.*

memorandum in support of his summary judgment motion does not refer to, and does not rely upon, either of the emails he failed to produce on a timely basis.  It is true that Greenberg contends that CBC's conduct did not support the Third-Party Defendants' contention that the parties treated the PATHS Licenses as authorizing the distribution of the PATHS curricula in electronic format, but he does so by relying on the deposition testimony of Mike Bete, CBC's Rule 30(b)(6) deponent, who testified that CBC had never published the PATHS curricula in a digital format and that, to do so, CBC would have first needed the approval of the authors and would have needed to draft a new contract or revise the existing PATHS Licenses (Dkt. No. 208).  In fact, as shown by the Third-Party Defendants' memorandum in support of their Rule 56(d) Motion, their real concern about the two previously unproduced emails is that these emails – in particular, the Tang Doll Email Exchange – provide additional support for Greenberg's opposition to the Third-Party Defendants' summary judgment motion.  The Third-Party Defendants have not made any showing that they lacked "a full and fair opportunity to conduct discovery needed to mount an effective opposition to a summary judgment motion." *Emigrant Residential LLC*, 37 F.4th at 724.

Second, the Third-Party Defendants have not shown that they were unable to obtain evidence during discovery about CBC's practices with respect to digital publication of the PATHS curricula and Dr. Greenberg's knowledge of those practices.  The Third-Party Defendants may or may not have known about the subject matter of the Tang Doll Email Exchange before Greenberg produced it.  Urbonas, the author of the Tang Doll Email Exchange, was, after all, employed by the Third-Party Defendants as their Chief Operations Officer after the Third-Party Defendants acquired the PATHS Licenses, and they have not been forthcoming about their access to CBC information Urbonas retained or knowledge he disclosed to the Third-

Party Defendants after he transitioned from his CBC employment to employment with the Third-Party Defendants (Dkt. No. 238 at 9, n.10; Dkt. No. 256 at 2-3).

In any event, it is undisputed that the Third-Party Defendants had the 2015 and 2018 sublicensing agreements between CBC and Tang Doll that authorized Tang Doll to engage in some form of electronic distribution of the PATHS curricula over the Internet.  Greenberg's position is that he did not know about the relevant terms in these sublicensing agreements.  The parties confirmed at the hearing on the Rule 56(d) Motion that the Third-Party Defendants did not put these agreements in front of Greenberg at his deposition and did not ask him about his knowledge of the 2015 and 2018 Tang Doll sublicensing agreements or his communications with CBC, if any, about these agreements.  The fact of these agreements presented an obvious opportunity for the Third-Party Defendants to explore in full whether Greenberg knew that CBC had agreed to sub-licenses with Tang Doll that authorized Tang Doll to distribute the PATHS curricula in electronic format over the Internet.  Knowing that Greenberg's position from the outset has been that the PATHS Licenses did not authorize digital distribution of the PATHS curricula, the Third-Party Defendants nonetheless did not ask Greenberg about the 2015 and 2018 Tang Doll sublicenses.  Given this history, the Third-Party Defendants have not shown that they could not have obtained the evidence during discovery that they now claim they need for purposes of opposing Greenberg's summary judgment motion.

Third, the Third-Party Defendants' explanation of their need for discovery from Greenberg related to the Tang Doll Email Exchange is at odds with its contents.  They contend that the Tang Doll Email Exchange shows that Urbonas – or someone employed by CBC – kept Greenberg informed about the status of negotiations with Tang Doll about the terms of Tang Doll's sublicense, including negotiations about an agreement for on-line distribution of the

PATHS curricula.  It follows, the Third-Party Defendants contend, that further deposition testimony from Greenberg will disclose continuing communications between CBC and Greenberg concerning negotiations with Tang Doll about distribution of the PATHS curricula over the Internet.  The Tang Doll Email Exchange shows no such thing.  The text shows Urbonas flatly declining Tang Doll's proposal for limited on-line distribution of the PATHS curricula, and his subsequent assurance to Greenberg that CBC was adhering to its position that its agreements with distributors "prohibited electronic distribution of program content" (Dkt. No. 237-3 at 2).  The Tang Doll Email Exchange makes no reference to further negotiations with Tang Doll about its proposal, nor is there any hint of a recommendation to Greenberg that he consider agreeing to the proposal.  To the extent the goal of the further discovery would be to elicit an admission from Greenberg that CBC employees kept him informed of on-going negotiations with Tang Doll about on-line distribution, the Third-Party Defendants have not shown "a plausible basis for believing that specified facts … probably exist." *Id.*

Finally, and for similar reasons, the Third-Party Defendants have not shown that further deposition testimony from Greenberg would influence the outcome of Greenberg's summary judgment motion.  Contrary to the Third-Party Defendants' contention, while Greenberg's affidavit is evidence that supports his position, it is not the only evidence that supports his contention that he did not know about or acquiesce in the relevant terms in the 2015 and the 2018 Tang Doll sublicenses.  The testimony of Mike Bete as CBC's Rule 30(b)(6) witness provides strong support for Greenberg's contention that he had not agreed to electronic distribution of the PATHS curricula and did not know that CBC had authorized a sublicensee to distribute the PATHS curricula over the Internet.  The Third-Party Defendants have not advanced a persuasive argument that further testimony from Greenberg about the Tang Doll Email Exchange would

alter, undermine, or shed new light on his position that he was not aware that the 2015 and 2018 Tang Doll sublicenses authorized some form of Internet distribution of the PATHS curricula.

"Rule 56(d) relief is not to be granted as a matter of course." *Hicks v. Johnson*, 755 F.3d 738, 743 (1st Cir. 2014) (citing *Ayala-Gerena v. Bristol-Myers Squibb Co.*, 95 F.3d 86, 91 (1st Cir. 1996)).  The Third-Party Defendants have not shown that they require further deposition testimony from Greenberg to adduce facts essential to their opposition to Greenberg's partial summary judgment motion, nor have they shown that they could not have conducted the desired discovery at an earlier date when they convened Greenberg's deposition and elected not to question him about his knowledge of the 2015 and 2018 CBC-Tang Doll agreements, or his communications with CBC, if any, about the contents of those agreements.

For purposes of clarity, the court reiterates what it stated at the February 28, 2024 hearing on the motion.  Greenberg conducted a follow-up search of information in his possession, custody, or control related to Tang Doll and other specified terms.  The court will not require Greenberg to conduct a further search in conjunction with his attorney, sit for a further deposition, or (unless the parties so agree) re-produce the Tang Doll Email Exchange or the McMaster Email in a form consistent with the parties' negotiated protocol for production of electronically stored information.

III.   <u>Conclusion</u>

For the foregoing reasons and for the reasons stated in court on February 28, 2024, the Third-Party Defendants' Rule 56(d) Motion to Stay Resolution of Summary Judgment Pending Further Discovery is DENIED in its entirety.  The court has set May 2, 2024, at 2:00 p.m., as a hearing date on the parties' partial cross-motions for summary judgment.

It is so ordered.

Dated: April 17, 2024

<u>Katherine A. Robertson</u>
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE